# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| KYLE ROACH, on behalf of himself and others similarly situated, | Civil Action No.: |
| Plaintiff, | **COMPLAINT--CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| BUSH ROSS, P.A., | |
| Defendant. | |

## Nature of Action

1. This is a class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, for the benefit of Florida consumers who have been the subject of improper debt collection efforts by Bush Ross, P.A. ("Defendant").

2. By way of background, Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained, "[h]armful debt collection practices remain

a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. And nearly half of the debt collection complaints received by the CFPB involve debt collectors' attempts to collect debts that consumers did not owe.[2]

5. Enter: the FDCPA's requirement that debt collectors send consumers "validation notices" at the outset of the relationship to provide certain delineated information about consumers' alleged debts and their rights with respect to those debts. 15 U.S.C. § 1692g(a).

6. The debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*

7. The CFPB and the Federal Trade Commission have noted that "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

8. This case centers on Defendant's failure to provide several of the disclosures required by 15 U.S.C. § 1692g in its initial written communications to Florida consumers, or within five days thereafter.

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, at 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited June 23, 2020).

[2] *See* Bureau of Consumer Financial Protection, *Fair Debt Collection Practices Act — CFPB Annual Report 2020* at 14 (2020), https://files.consumerfinance.gov/f/documents/cfpb_fdcpa_annual-report-congress_03-2020.pdf (last visited June 23, 2020).

**Parties**

9. Kyle Roach ("Plaintiff") is a natural person who at all relevant times resided in Hillsborough County, Florida.

10. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, assessments due to a community association, and a settlement agreement concerning the same.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Defendant is a law firm with principal offices in Hillsborough County, Florida.

14. Defendant's "attorneys have significant experience representing secured and unsecured lenders and specialized servicers to ensure that their interests are protected throughout all aspects of the lending relationship. Sometimes debtors and lenders work together; however, when enforcing a lender's rights becomes necessary, our attorneys have the experience and expertise to handle the most even the most complex creditors' rights matters."[3]

15. Defendant "handles creditors' rights and collection matters in nearly every industry. With its bankruptcy, real property, and trial expertise, [Defendant] is uniquely positioned to handle creditors' rights matters for our clients that have local, national and international collection needs."[4]

---

[3]   http://www.bushross.com/practices-Creditors-Rights.html (last visited July 16, 2020).

[4]   *Id.*

16. Defendant also "prides itself in playing an integral part of any homeowner association's or condominium association's professional team, assisting the Board and management to prepare for and conduct meetings; answering questions about documents and pertinent law; enforcing the covenants and restrictions; drafting and negotiating contracts for provisions of services; and collecting unpaid assessments."[5]

17. Representing "hundreds of association clients throughout Florida," Defendant "provides all aspects of community association legal services, including assessment and fine collections, covenant enforcement, document amendments, assistance with corporate operations, contract drafting, contract litigation, labor and employment litigation, and administration and supervision of elections and meetings."[6]

18. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19. Upon information and belief, at the time Defendant attempted to collect the debt from Plaintiff, the debt was in default, or Defendant treated the debt as if it were in default from the time that Defendant acquired it for collection.

20. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

22. Defendant identified itself as a debt collector to Plaintiff, as shown below.

---

[5] http://www.bushross.com/industries-Community-Associations.html (last visited July 16, 2020).

[6] *Id.*

4

## Jurisdiction and Venue

23. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

24. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this district, and as Defendant maintains its principal place of business in this district.

## Factual Allegations

25. On or about July 29, 2019, Plaintiff entered into a settlement agreement with Pavilion Property Owners Association, Inc. ("Pavilion") concerning maintenance assessments Plaintiff allegedly owed to Pavilion.

26. One of Defendant's attorneys signed the settlement agreement on behalf of Pavilion.

27. The settlement agreement calls for Plaintiff to make monthly payments encompassing several items, including maintenance assessments owed to Pavilion, associated late fees, costs, release/dismissal fees, and attorneys' fees.

28. About three months later, on or about October 23, 2019, Defendant sent a written communication to Plaintiff in connection with the collection of a debt emanating from Plaintiff's alleged failure to pay regular assessments to Pavilion and alleged failure to make payments pursuant to the settlement agreement (the "Debt").

29. A true and correct copy of the October 23 communication to Plaintiff is attached as Exhibit A.

30. This October 23 letter to Plaintiff was the first communication Plaintiff received from Defendant in connection with the collection of the Debt.

31. Defendant's October 23 letter begins by noting Plaintiff and Pavilion's settlement agreement and stating:

> As of the date of this letter, you have not made your regular ongoing assessments directly to the Association or your payments due pursuant to the Joint Stipulation for Settlement. Therefore, you are in default under the Joint Stipulation for Settlement. At this time, the Association is entitled to proceed in the Foreclosure action against your property in Pavilion Property Owners Association, Inc.

Ex. A at 1.

32. On the next page, Defendant warns: "The undersigned attorney is attempting to collect a debt owed to Pavilion Property Owners Association, Inc., and any information obtained will be used for that purpose." *Id.* at 2.

33. But nowhere in its October 23 letter does Defendant include: (1) a statement that unless Plaintiff, within thirty days after receipt of the letter, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by Defendant; or (2) a statement that if Plaintiff notifies Defendant in writing within the thirty-day period that the Debt, or any portion thereof, is disputed, Defendant will obtain verification of the Debt or a copy of a judgment against Plaintiff, and a copy of such verification or judgment will be mailed to Plaintiff by Defendant. *See generally* Ex. A.

## Class Action Allegations

34. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a Florida address, (b) to whom Bush Ross, P.A. mailed an initial debt collection communication not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) that failed to include (1) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; or (2) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy

of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

35. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

36. The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

37. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

38. The class is ascertainable because it is defined by reference to objective criteria.

39. In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified through business records maintained by Defendant.

40. The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

41. To be sure, Plaintiff's claims and those of the members of the class originate from the same standardized initial debt collection letter utilized by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the class.

42. Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

43. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

44. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

45. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

46. There will be no unusual difficulty in the management of this action as a class action.

47. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

48. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the FDCPA as alleged herein;

   b. whether Defendant is a debt collector as defined by the FDCPA;

   c. whether Defendant's failure to include required disclosures violates 15 U.S.C. § 1692g(a)(3) and/or 15 U.S.C. § 1692g(a)(4);

   d. the availability of statutory penalties; and

   e. the availability of attorneys' fees and costs.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(3)**

49. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 48 above.

50. The FDCPA at 15 U.S.C. § 1692g(a)(3) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following

8

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

\* \* \* \*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

51. Defendant's October 23, 2019 communication did not contain the disclosure required by 15 U.S.C. § 1692g(a)(3), nor did Defendant provide such disclosure within five days thereafter. *See generally* Ex. A.

52. Specifically, Defendant's October 23 communication violated 15 U.S.C. § 1692g(a)(3) by failing to inform Plaintiff that unless he, within thirty days after receipt of the letter, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by Defendant.

53. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to him personally, regarded his personal Debt, and failed to provide him the statutorily-mandated disclosures to which he was entitled.

54. Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it.

55. Here, by failing to provide the disclosure required by 15 U.S.C. § 1692g(a)(3), Defendant invaded a specific private right created by Congress for Plaintiff to receive certain information to which he was entitled, and Defendant's invasion of that right caused injury to Plaintiff. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

**Count II: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(4)**

56. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 48 above.

57. The FDCPA at 15 U.S.C. § 1692g(a)(4) provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

\* \* \* \*

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

58. Defendant's October 23, 2019 communication did not contain the disclosure required by 15 U.S.C. § 1692g(a)(4), nor did Defendant provide such disclosure within five days thereafter. *See generally* Ex. A.

59. Specifically, Defendant's October 23 letter violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiff if he notifies Defendant in writing within the thirty-day period following receipt of the letter that the Debt, or any portion thereof, is disputed, Defendant will obtain verification of the Debt or a copy of a judgment against him, and a copy of such verification or judgment will be mailed to him by Defendant.

60. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to him personally, regarded his personal Debt, and failed to provide him the statutorily-mandated disclosures to which he was entitled.

61. Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide

that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it.

62.     Here, by failing to provide the disclosure required by 15 U.S.C. § 1692g(a)(4), Defendant invaded a specific private right created by Congress for Plaintiff to receive certain information to which he was entitled, and Defendant's invasion of that right caused injury to Plaintiff. *See Church*, 654 F. App'x at 995.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692g(a)(3) and 1692g(a)(4);

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. §§ 1692g(a)(3) and 1692g(a)(4);

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated:  July 17, 2020    Respectfully submitted,

/s/ *Jesse S. Johnson*
James L. Davidson
Florida Bar No. 723371
Jesse S. Johnson
Florida Bar No. 69154
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*